IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOHN KESSLER, ADMINISTRATOR OF THE ESTATE OF RUTH FOUND HAKWINS, <br><br> Plaintiff, <br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | NO. C 06-07492 RS <br><br> **ORDER RE CROSS-MOTIONS FOR SUMMARY JUDGMENT** |

## I. INTRODUCTION

In this action seeking a tax refund, the question is whether it was proper for the estate of Ruth Found Hawkins to pay and claim as deductions attorney fees incurred by various beneficiaries of the estate when litigating their disputes as to which of two wills executed by the decedent was valid. The IRS previously moved for summary judgment in this action, contending that *none* of the beneficiaries' fees could properly be charged to the estate. The Court denied the motion, finding that the IRS had failed to show as a matter of law that the fees incurred by the two persons named as executors in the wills could not be charged to the estate. Plaintiff Kessler now moves for partial summary judgment seeking a ruling that *all* of the beneficiaries were entitled to have their fees paid by the estate. The IRS opposes the motion and seeks partial summary judgment in its favor that at most, only the fees of the executor under one of the wills were properly charged to the estate.

Kessler's motion is premised largely on legal arguments the Court rejected in its prior ruling, and he has shown no reason to reconsider those conclusions. Accordingly, Kessler's motion will be

denied, except as to the extent he seeks a determination that the attorney fees of Margaret Hawkins Dieffenbach were properly charged to the estate. The IRS's cross-motion will be granted in part and denied in part, for reasons explained below.

## II. DISCUSSION[1]

The persons whose fees were paid by the estate[2] are: (1) Robert Ross, the decedent's cousin and closest blood relative at the time of her death, (2) Margaret Hawkins Dieffenbach, the daughter by prior marriage of the decedent's husband, (3) Herbert Hawkins, the son by prior marriage of the decedent's husband, and (4) two grandchildren by prior marriage of the decedent's husband.

The prior order stated that "based on the present record and briefing, the Court concludes that the fees incurred by Herbert and the grandchildren were not properly charged to the estate as administrative expenses and that, therefore those expenses are not deductible." The Court declined to enter partial summary judgment to that effect, however, because, among other things the IRS had not identified the dollar amount of the claimed refund that would be affected thereby.

Kessler's present motion appears simply to ignore the prior order. He again cites *Dulles v. Johnson*, 273 F.2d 362 (2nd Cir. 1959) and *Estate of Swayne*, 43 T.C. 190 (1964) for the proposition that fees are properly charged to an estate where incurred in proceedings that are necessary to settle the estate. As previously explained, however, there was no question in those cases that the underlying non-California state statutes expressly permitted recovery from the estate of the kind of attorney fees in issue. Thus, while those cases would support the conclusion that the fees would be deductible under federal law *if* California law permits them to be charged to an estate, they do nothing to answer that critical threshold question of whether California law in fact permits these kinds of fees to be borne by the estate. On *that* point, Kessler's primary new argument is an

---

[1] The factual background of this action was described in the prior order and will not be repeated here.

[2] As noted in the prior order, each beneficiary's share of the estate was reduced by the amount of attorney fees he or she had incurred. It can be argued, therefore, that the estate did not actually "pay" any of the fees.

2

assertion that a California probate court has the authority under California Probate Code section 11604 to (1) approve settlements of will contests, (2) "secure payment of the attorneys' fees of an heir, devisee or legatee by imposing a lien on his or her interest in the estate," and (3) include such payment in a decree of distribution. For this proposition, Kessler cites *Estate of Muhammad*, 16 Cal.App.3d 726, 731-32, which in fact contains language very close to the proposition offered by Kessler, albeit in dicta. Even assuming the *Muhhammad* dicta is an accurate statement of California law, however, it does not reach the critical issue. The fact that a beneficiary's attorney may seek to recover his or her fees from the beneficiary's "interest in the estate" in no way establishes or even implies that such fees thereby become a proper administrative expense *of the estate.* The unremarkable proposition that an attorney may recover fees from a corpus that he or she has helped the client to obtain does not translate to a holding that such fees become expenses of the estate itself.

Accordingly, there is no basis to depart from the conclusion that, for reasons set forth in more
detail in the prior order, the fees incurred by Herbert and the grandchildren were not properly charged to the estate as administrative expenses and that, therefore those expenses are not deductible. Therefore, this portion of Kessler's motion must be denied. Moreover, because the IRS has now shown, and Kessler has not disputed, that the tax refund would be limited to $323, 576 upon disallowance of the deduction for those fees, the IRS's cross-motion will be granted with respect to the fees incurred by Herbert and the grandchildren.

As with the prior motion, the fees incurred by Margaret present a more difficult question. The Court previously observed that Margaret was the named executor under the 2000 will and had a *duty* to offer it for probate unless she knew it to be invalid. The critical question is whether the fact that the 2000 will was ultimately found to be invalid precludes Margaret from recovering attorney fees incurred in her capacity as an executor. In the prior motion, the Court concluded that the IRS had not met its burden to show that California law precluded Margaret from recovering her fees from the estate. Kessler's present motion makes little, if any, attempt to show that Margaret's fees are recoverable from the estate based on her status as executor of the 2000 will. Instead, Kessler relies on his more general argument that the fees were all part of a necessary and appropriate process

of determining how the estate would be administered. For the reasons set forth above and in more detail in the prior order, that argument begs the question of whether the fees were properly chargeable to the estate under *California* law.

For its part, however, the IRS has offered no additional authority or argument addressing the question of whether the invalidity of the 2000 will precludes Margaret from recovering her fees. Instead, the IRS now argues that Margaret's fees are not deductible because she was represented by Herbert, her brother (who is a licensed attorney) and not by Robert Williams, whose fees are in issue. The record shows that Herbert in fact appeared and participated in the probate proceedings as an attorney of record for Margaret. Herbert's appearance on his sister's behalf, however, in no way undermines the notion that Williams was representing *both* Margaret and Herbert once he became involved in the case. It is not unusual for a party to have more than one attorney. The settlement agreement represents that Williams charged fees for representing Margaret. The IRS has not shown any reason that representation may be disregarded. Accordingly, there is no basis to conclude, as the IRS urges, that Margaret's fees could not be deducted for the reason that she did not incur them. Although neither side has presented conclusive authority and the question remains close, the Court concludes that Margaret's fees were properly charged to the estate under California law and were properly claimed as deductions under federal law.

The remaining and monetarily most significant issue is the deductibility of Robert's fees. Kessler's motion concedes that the *reasonableness* of those fees presents factual issues not amenable to disposition on summary judgment. Kessler nevertheless seeks a ruling that it was proper in principle to charge those fees to the estate, subject to a later determination of what the reasonable amount might be. The IRS, in turn, concedes that Robert likely would be entitled to charge *some* of his attorney fees to the estate, but the IRS appears to be seeking a ruling that any claim based on the contingency fee agreement between Robert and his counsel is untenable. The IRS attempts to show that Robert's attorney was representing Robert as an individual, and not in his capacity as an executor. The entire dispute, however, was over whether the will in which Robert was named executor was valid and enforceable. The fact that Robert could not act as an executor *per se* until

that will was found to be valid does not mean that his efforts in the litigation were purely personal.[3]

The IRS also insists that the Robert cannot properly charge his fees to the estate because the contingency fee agreement between Robert and his counsel was not approved by the court *prior* to the time the services were performed. Rule 7.703 (d) (3) of the California Rules of Court does call for pre-approval of contingency fee agreements "[i]n the absence of an emergency or other unusual circumstances."[4] Here, it is not clear that the probate court would have even entertained an earlier request by Robert for approval of his agreement with his attorney, because his right to act as the personal representative for the estate was in dispute. These would appear to qualify as "unusual circumstances" such that pre-approval of the agreement may be excused.[5]

In short, there does not appear to be anything that can be decided as a matter of law with respect to Robert's fees at this juncture. The parties are in agreement that he is entitled to charge at least some fees to the estate. Kessler acknowledges that even if the contingency agreement is the touchstone for the analysis, the reasonableness of the fees must be decided as a factual matter. Under these circumstances, both parties' motions must be denied insofar as they relate to Robert's fees.

---

[3] Kessler believes the IRS is also arguing Robert's fees were not properly charged to the estate because he was an executor, "as opposed to the designated personal representative of the Estate." No such argument appears in the IRS's papers. It is apparent that the IRS understands the two terms are largely interchangeable.

[4] The IRS's assertion that California Probate Code section 10811 also expressly calls for pre-approval is incorrect. The IRS purports to quote the language of the statute as being "provided the agreement is *first* approved" but the word "first, " emphasized by the IRS, does not appear in the statute.

[5] It is also not clear that any violation of this rule of court should or would have the result that a personal representative is wholly barred from charging contingent fees to the estate.

5

## III. CONCLUSION

For the reasons set forth above, the IRS's motion is granted with respect to the issue of the fees incurred by Herbert and the grandchildren. As a matter of law, those fees were not properly charged as expenses of the estate. Kessler's motion is granted with respect to the fees incurred by Margaret. Those fees were properly charged as expenses of the estate and claimed as deductions. The motions are otherwise denied. The parties shall appear for a case management conference on May 21, 2008, at 2:30 p.m.

IT IS SO ORDERED.

Dated: March 14, 2008

RICHARD SEEBORG
United States Magistrate Judge

ORDER RE CROSS-MOTIONS FOR SUMMARY JUDGMENT

C 06-07492 RS

**THIS IS TO CERTIFY THAT NOTICE OF THIS ORDER HAS BEEN GIVEN TO:**

Heather Halvorson Munoz    heather.munoz@berliner.com, llm@berliner.com

Thomas M. Newman    thomas.newman2@usdoj.gov

Jerold Alan Reiton    jerold.reiton@berliner.com, tammy.garcia@berliner.com

Frank R. Ubhaus    fru@berliner.com, cep@berliner.com, pstallings@berliner.com

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the Court's CM/ECF program.

**Dated: 3/14/08**                                              **Richard W. Wieking, Clerk**

                                                                **By:    Chambers**

ORDER RE CROSS-MOTIONS FOR SUMMARY JUDGMENT

C 06-07492 RS